# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: THE RESERVE FUND SECURITIES
AND DERIVATIVE LITIGATION**                          MDL No. 2011

## TRANSFER ORDER

**Before the entire Panel**[*]: The Reserve defendants[1] have jointly moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of New York. Plaintiffs in the District of Minnesota action oppose the motion. Plaintiff in the District of Massachusetts action asks the Panel to defer its ruling pending a ruling by the Massachusetts court on plaintiff's motion to remand to state court; alternatively plaintiff opposes inclusion of the Massachusetts action in MDL No. 2011 proceedings.

This litigation presently consists of sixteen actions listed on Schedule A and pending in four districts as follows: thirteen actions in the Southern District of New York and one action each in the Central District of California, the District of Massachusetts and the District of Minnesota.[2]

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising from (1) alleged misrepresentations and/or omissions by defendants surrounding the time that the Primary Fund "broke the buck" on September 16, 2008, and (2) the halting of Primary Fund redemptions. Whether the actions are brought by Primary Fund holders seeking relief under various federal securities laws and/or common law or a shareholder suing derivatively on behalf of the Primary Fund, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, including on the issue of class certification; and

---

[*] Judge Hansen took no part in the disposition of this matter.

[1] The Reserve; The Reserve Fund; Reserve Management Company, Inc.; Reserve Partners, Inc.; Primary Fund; U.S. Government Fund; Bruce R. Bent; Bruce R. Bent II; Arthur T. Bent III; Patrick J. Farrell; Santa Albicocco; Ronald J. Artinian; Joseph D. Donnelly; Edwin Ehlert Jr.; William J. Montgoris; Frank J. Stalzer; William E. Viklund; and Stephen P. Zieniewicz.

[2] The Panel has been notified that five related actions have recently been filed as follows: four actions in the Southern District of New York and one action in the Northern District of Georgia. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

conserve the resources of the parties, their counsel and the judiciary. Liquidation of the Primary Fund is underway and it is important to have all interested parties in this docket before one judge who can address the competing interests of the parties to this depleting fund.

The opposing District of Massachusetts and District of Minnesota plaintiffs express reservations concerning the management of their actions in this MDL, because claims in their actions are narrower than those in the other actions. Transfer to a single district under Section 1407, however, has the salutary effect of placing all related actions before one court which can formulate a pretrial program that:  1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re The Bear Stearns Companies Inc. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, 572 F.Supp.2d 1377 (J.P.M.L. 2008); *In re Mutual Funds Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004); *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378 (J.P.M.L. 1974).

The District of Massachusetts plaintiff can present its motion for remand to state court to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

We are persuaded that the Southern District of New York is an appropriate transferee district for this litigation, because (1) thirteen of the sixteen actions are already pending there, and (2) The Reserve is headquartered in New York City and other parties, witnesses and documents will likely be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Paul G. Gardephe for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

J. Frederick Motz                    Robert L. Miller, Jr.
Kathryn H. Vratil                    David R. Hansen*
W. Royal Furgeson, Jr.               Frank C. Damrell, Jr.

**IN RE: THE RESERVE FUND SECURITIES
AND DERIVATIVE LITIGATION**                                    MDL No. 2011

## SCHEDULE A

Central District of California

Michael J.G. Gleissner v. The Reserve Fund, et al., C.A. No. 2:08-7387

District of Massachusetts

Safeco Insurance Co. of America v. The Reserve Fund, et al., C.A. No. 1:08-11885

District of Minnesota

Ameriprise Financial Services, Inc., et al. v. The Reserve Fund, et al., C.A. No. 0:08-5219

Southern District of New York

Jay Pomeranz v. The Primary Fund, et al., C.A. No. 1:08-8060
Ralph F. Miller v. The Reserve Fund, et al., C.A. No. 1:08-8098
Third Avenue Institutional International Value Fund, LP v. The Reserve Fund, et al.,
   C.A. No. 1:08-8103
Sandra Lifschitz v. Reserve Management Co., Inc., et al., C.A. No. 1:08-8137
George C. Dyer v. The Reserve Fund, et al., C.A. No. 1:08-8139
M.D.C. Holdings, Inc. v. The Primary Fund, et al., C.A. No. 1:08-8141
Stuart M. Kurtzer, PA Profit Sharing Plan, et al. v. The Reserve Fund, et al., C.A. No. 1:08-8292
Michael Goodman v. Reserve Management Co., Inc., et al., C.A. No. 1:08-8593
Daniel Shabel v. Bruce R. Bent, et al., C.A. No. 1:08-8946
Univision Communications, Inc. v. The Reserve Fund, et al., C.A. No. 1:08-9335
Clark Enterprises, Inc., et al. v. The Reserve, et al., C.A. No. 1:08-9387
Richard 1. Wolgin v. The Reserve Fund, et al., C.A. No. 1:08-9525
Mark D. Pogozelski, etc. v. The Reserve Fund, et al., C.A. No. 1:08-9604